**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**
**DOCKETING STATEMENT--CRIMINAL CASES**

**Directions:** Counsel must make a **docketing statement (criminal)** entry in CM/ECF within 14 days of filing a notice of appeal or cross appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form and any extended answers, (2) any transcript order form, and (3) any CJA 24 authorization form. Counsel who filed the notice of appeal is responsible for filing the docketing statement even if different counsel will handle the appeal. In criminal cases, counsel who represented the defendant below must continue on appeal unless the court of appeals grants a motion to withdraw. Appellants proceeding pro se are not required to file a docketing statement. Opposing counsel may file objections to the docketing statement within 10 days of service using the ECF event-**docketing statement objection/correction**.

| | |
|---|---|
| **Appeal No. & Caption** | No. 14-4488<br>United States of America v. James Michael Nichols |
| **Originating No. & Caption** | 2:07-cr-00192<br>United States of America v. James Michael Nichols |
| **District Court & Judge** | Southern District of West Virginia, Judge Johnston |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Date of entry of order/judgment appealed from | 6/4/2014 | |
| Date this notice of appeal filed | 6/11/2014 | |
| If cross appeal, date first notice of appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final order or judgment? | ⊙ Yes | ◯ No |
| If appeal is not from final judgment, why is order appealable? | | |

**Transcript –** Order all necessary transcript now. Extensions of the briefing schedule to order additional transcript are disfavored

(Identify necessary transcript dates and state whether the transcript is on file or a copy of the transcript order is attached. CJA counsel must attach copy of the CJA 24 with the transcript order.).

| Trial Date(s): | | ◯ On File | ◯ Order Attached | ◯ Not Needed |
|---|---|---|---|---|
| Plea Date: | | ◯ On File | ◯ Order Attached | ◯ Not Needed |
| Sentence Date: | | ◯ On File | ◯ Order Attached | ◯ Not Needed |
| Other Date(s): | Revocation Hearing June 4, 2014 | ◯ On File | ◉ Order Attached | ◯ Not Needed |

| **Case Handling Requirements** (answer any that apply) | |
|---|---|
| Case number of any prior appeal in same case | N/A |
| Case number of any pending appeal in same case | N/A |
| Identification of any case pending in this Court or Supreme Court raising similar issue | N/A |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. |
| Is expedited disposition necessary? | ◯ Yes   ◉ No |
| | If yes, motion to expedite must be filed. |

| **Issues** (Non-binding statement of issues to raise on appeal. Attach additional page if necessary.) |
|---|
| Whether the district court erred when it considered the facts underlying the defendant's dismissed domestic battery charges as a basis for sentencing. |

| Appellant's Name & Address | Counsel's Name & Address |
|---|---|
| Name: James Michael Nichols<br>Address: Register No. 08382-088<br>201 FCI Lane<br>Glenville, WV 26351<br><br><br>E-Mail:<br><br>Phone: | Name: Christian M. Capece (WVSB # 10717)<br>Address: Kay Casto & Chaney PLLC<br>P. O. Box 2031<br>Charleston, WV 25327<br><br>E-Mail: ccapece@kaycasto.com<br><br>Phone: 304-345-8900 |

**Signature:** _____    **Date:** _____7/2/2014_____

**Counsel for:** James Michael Nichols _____

**Certificate of Service**: I certify that on __July 2, 2014_____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

| | |
|---|---|
| Monica D. Coleman, Esquire<br>Assistant U.S. Attorney<br>United States Courthouse<br>300 Virginia Street, East<br>Room 4000<br>Charleston, WV 25301 | |

Signature: _____    Date: _____July 2, 2014_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                               CRIMINAL ACTION NO. 2:07-cr-00192

JAMES MICHAEL NICHOLS,

        Defendant.

### REVOCATION OF SUPERVISED RELEASE AND JUDGMENT ORDER

On June 4, 2014, the Defendant, James Michael Nichols, appeared in person and by counsel, Christian M. Capece, for a hearing on the *Petition for Warrant or Summons for Offender Under Supervision* and *Amendment to Petition* submitted by the Defendant's supervising probation officer. The United States was represented at the hearing by Monica D. Coleman, Assistant United States Attorney. United States Probation Officer Justin Gibson was also present at the hearing.

On June 23, 2008, the Defendant was sentenced to a term of imprisonment of 63 months to be followed by a 3 year term of supervised release. The Defendant began serving the term of supervised release on May 21, 2012. On March 5, 2014, the *Petition for Warrant or Summons for Offender Under Supervision* was filed charging the Defendant with violating certain conditions of supervised release, and on April 25, 2014, the *Amendment to Petition* was filed charging the Defendant with violating additional conditions of supervised release.

At the hearing, the Court found that the Defendant had received written notice of the alleged violations as contained in the *Petition* and *Amendment*, and that the evidence against the

Defendant had been disclosed.    The Court further found that the Defendant appeared, was given

the opportunity to present evidence, and was represented in the proceeding by counsel.

The Court then found, by a preponderance of the evidence, that the Defendant violated

certain conditions of supervised release as contained in the *Petition* and *Amendment*, specifically:

**Petition:**

1.    **Violation of standard condition:   The defendant shall not commit another federal, state or local crime:**

On February 19, 2014, members of the West Virginia State Police and Child Protective Services responded to a call regarding a domestic battery complain. Upon arrival at the offender's residence, officers made contact with his wife and teenage daughter.   The offender's daughter advised that on February 18, 2014, she and her mother were sitting in the kitchen of their residence at which time the offender, who had been drinking and was intoxicated, began questioning her regarding her cell phone.

She disclosed that as she was attempting to answer the offender's questions, he approached her and struck her on the left neck area with an open hand.  At this point, the victim reported she moved into the living room of the residence, but the offender followed her and continued to yell at her.  The victim indicated her mother attempted to defend her from the offender, at which time, the offender struck his wife in the left ear with an open hand and again struck the victim on the right ear, knocking her to the ground.   The offender was arrested and charged with two counts of domestic battery.

As of this writing, his bond has been set at $5,000.00 and he is currently incarcerated at the Central Regional Jail.

2.    **Violation of special condition:   The defendant shall refrain from the purchase, possession and use of alcohol while on supervised release:**

On September 19, 2013, the offender reported to the probation officer and admitted consuming alcohol.

**Amendment:**

1.    **Violation of standard condition:   The defendant shall not commit another federal, state, or local crime:**

On April 1, 2014, the offender appeared in Clay County, West Virginia, Magistrate Court and pled no contest to the offense of assault.   He was sentenced to 30 days in

custody, and assessed $160.25 in court costs.  The two previous counts of domestic battery were dismissed.

As of this writing, the offender remains incarcerated at the Central Regional Jail. In making these findings, the Court relied upon the information contained in the *Petition* and *Amendment*, and the Defendant's counsel's statement that he admits the violations contained in the *Petition* and *Amendment.*

Having found the Defendant to be in violation of the conditions of supervised release, the Court **REVOKED** the Defendant's supervised release and entered judgment as follows:

It is the **JUDGMENT** of the Court that the Defendant be committed to the custody of the Federal Bureau of Prisons for a term of **12 MONTHS**.  The Defendant shall be given credit for time served as appropriately calculated by the Bureau of Prisons.  The Court recommends that the defendant be evaluated for and placed in any and all appropriate substance and/or alcohol abuse treatment programs which may be offered by the Bureau of Prisons.  The Court recommends that the defendant be placed in FCI Ashland.  Upon release from prison, the Defendant shall be placed on supervised release for a term of 24 **MONTHS**.  Within 72 hours of release from custody, the Defendant shall report in person to the United States Probation Office in the district to which the Defendant is released.  While on supervised release, the Defendant must not commit another federal, state, or local crime, must not possess a firearm or other dangerous device, and must not unlawfully possess a controlled substance.  The Defendant must also comply with the standard terms and conditions of supervised release as recommended by the United States Sentencing Commission and as adopted by the United States District Court for the Southern District of West Virginia, including the special condition that the Defendant shall participate in a program of testing, counseling, and treatment for drug and alcohol abuse as directed by the probation officer, until such time as the Defendant is released from the program by the probation officer. The

Defendant shall comply with the Standard Conditions of Supervision adopted by the Southern District of West Virginia in Local Rule of Criminal Procedure 32.3, as follows:

1) If the offender is unemployed, the probation officer may direct the offender to register and remain active with Workforce West Virginia.

2) Offenders shall submit to random urinalysis or any drug screening method whenever the same is deemed appropriate by the probation officer and shall participate in a substance abuse program as directed by the probation officer. Offenders shall not use any method or device to evade a drug screen.

3) As directed by the probation officer, the defendant will make copayments for drug testing and drug treatment services at rates determined by the probation officer in accordance with a court-approved schedule based on ability to pay and availability of third-party payments.

4) A term of community service is imposed on every offender on supervised release or probation. Fifty hours of community service is imposed on every offender for each year the offender is on supervised release or probation. The obligation for community service is waived if the offender remains fully employed or actively seeks such employment throughout the year.

5) The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

As a special condition of supervised release, the Defendant shall refrain from any use of alcohol, and must wear an alcohol monitoring bracelet the entire period of supervised release.

The Defendant was remanded to the custody of the United States Marshal.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:      June 4, 2014

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE