No. 14-4488

IN THE

## UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

_____

UNITED STATES OF AMERICA,
                                      Appellee,

v.

JAMES MICHAEL NICHOLS,
                                      Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

_____

BRIEF OF APPELLEE THE UNITED STATES OF AMERICA

_____

R. BOOTH GOODWIN II
United States Attorney

Monica D. Coleman
Assistant United States Attorney
Post Office Box 1713
Charleston, West Virginia 25326
(304) 345-2200

COUNSEL FOR APPELLEE

# TABLE OF CONTENTS

TABLE OF AUTHORITIES................................................................................ ii

STATEMENT OF JURISDICTION .................................................................. 1

ISSUE PRESENTED FOR REVIEW ............................................................... 2

STATEMENT OF THE CASE ........................................................................... 2

SUMMARY OF ARGUMENT........................................................................... 6

ARGUMENT

      THE DISTRICT COURT DID NOT PLAINLY ERR BY SENTENCING DEFENDANT TO TWELVE-MONTHS IMPRISONMENT UPON REVOCATION OF HIS SUPERVISED RELEASE, WHERE THE DISTRICT COURT ADEQUATELY EXPLAINED ITS REASONS FOR THE SENTENCE AND THE SENTENCE WAS OTHERWISE PROCEDURALLY REASONABLE..................................................................................6

CONCLUSION................................................................................................... 10

# TABLE OF AUTHORITIES

Page

*United States v. Crudup,*
    461 F.3d 433 (4th Cir. 2006)......................................................................7, 10

*United States v. Lynn,*
    592 F.3d 572 (4th Cir. 2010).............................................................................6

*United States v. Massenburg,*
    564 F.3d 337 (4th Cir. 2009).............................................................................7

*United States v. Olano,*
    507 U.S. 725 (1993)...........................................................................................7


## STATUTES

Title 18, United States Code, Section 922(g)(1)............................................................1

Title 18, United States Code, Section 924(a)(2)............................................................1

Title 18, United States Code, Section 3231....................................................................1

Title 18, United States Code, Section 3553(a)....................................................6, 7, 8, 9

Title 18, United States Code, Section 3583....................................................................1

Title 18, United States Code, Section 3583(e)...............................................................8

Title 18, United States Code, Section 3583(h)...............................................................4

Title 18, United States Code, Section 3742....................................................................1

Title 28, United States Code, Section 1291..................................................................1

## STATEMENT OF JURISDICTION

Appellant James Michael Nichols (hereinafter "defendant") was originally sentenced to a 63-month term of imprisonment following a conviction for felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). J.A. 11.[1]

Following completion of his term of imprisonment, defendant began serving his term of supervised release. Defendant's supervised release was ultimately revoked on June 4, 2014, and defendant was sentenced to a 12-month term of imprisonment, followed by a 24-month term of supervised release. J.A. 37-40. On June 4, 2014, the district court entered its final Supervised Release Revocation and Judgment Order. J.A. 37. Defendant filed a timely notice of appeal. J.A. 41. The district court had jurisdiction for the original charges under 18 U.S.C. § 3231. The district court had jurisdiction to impose and revoke supervised release pursuant to 18 U.S.C. § 3583. This Court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

---

[1]Reference to the Joint Appendix shall be "J.A. __."

<u>ISSUE PRESENTED FOR REVIEW</u>

<u>WHETHER THE DISTRICT COURT PLAINLY ERRED BY SENTENCING DEFENDANT TO TWELVE-MONTHS IMPRISONMENT UPON REVOCATION OF HIS SUPERVISED RELEASE, WHERE THE DISTRICT COURT ADEQUATELY EXPLAINED ITS REASONS FOR THE SENTENCE AND THE SENTENCE WAS OTHERWISE PROCEDURALLY REASONABLE</u>

<u>STATEMENT OF THE CASE</u>

Defendant began serving a term of supervised release on May 21, 2012. J.A. 17. On May 15, 2013, a petition requesting a modification of defendant's conditions of supervised release was filed by defendant's probation officer. J.A. 17-18. The probation officer sought to modify defendant's supervised release to add the condition that defendant reside at Dismas Charities, Inc., for a period of four months as a condition of supervised release so that he could participate in programming for his alcoholism and as a punitive sanctions for his April 19, 2013, arrest for DUI. J.A. 17-18. The modification also added the special condition that defendant refrain from the purchase, possession and use of alcohol while on supervised release. J.A. 17. Defendant signed a waiver consenting to the modification of his supervised release as requested by the probation officer in his petition. J.A. 19. On May 23, 2013, the district court modified defendant's terms

2

of supervised release as requested by the probation office and as agreed to by defendant. J.A. 17-18.

On March 5, 2014, the defendant's probation officer filed a petition with the district court alleging that defendant had violated the conditions of his supervised release. J.A. 20-21. Specifically, the petition alleged that defendant had (1) violated the standard condition that defendant not commit another federal, state, or local crime and (2) violated the special condition that he refrain from the purchase, possession, and use of alcohol while on supervised release. J.A. 20-21.

The petition alleged that while on supervised release, members of the West Virginia State Police and Child Protective Services responded to a call regarding a domestic battery complaint at defendant's residence on February 19, 2014. J.A. 20. Upon arrival at the residence, defendant's daughter advised the officers that on February 18, 2014, the defendant struck her on the left neck area with an open hand while he was intoxicated. J.A. 20. The defendant's daughter further informed the officers that when her mother attempted to protect her from the defendant, the defendant struck her mother in the left ear and then again struck her on the right ear, knocking her to the ground. J.A. 20. The defendant was arrested and charged with two counts of domestic battery. J.A. 20. The petition further

3

alleged that on September 19, 2013, the defendant reported to the probation officer and admitted consuming alcohol.  J.A. 21.

On April 25, 2014, an amendment to the petition was filed by the probation officer.  J.A. 22.  The amendment to violation number one alleged that on April 1, 2014, defendant appeared in Clay County, West Virginia Magistrate Court and pled no contest to the offense of assault.  J.A. 22.  As a result of his plea of no contest, the defendant was sentenced to 30 days in custody and assessed $160.25 in court costs.  J.A. 22.  The two counts of domestic battery were dismissed.  J.A. 22.

On June 4, 2014, defendant appeared before the Honorable Thomas E. Johnston for a revocation hearing on the petition and the amendment to the petition.  J.A. 24-36.  During the hearing, the defendant admitted the violations in the petition and the amendment.  J.A. 26-27.  Accordingly, the district court found by a preponderance of the evidence that defendant had violated the conditions of his supervised release.  J.A. 27.  The court revoked defendant's supervised release. J.A. 28-29.  The district court found that defendant's criminal history at the time of his original sentencing was a Category IV, and that his most serious grade violation was a Grade C, resulting in an advisory guideline range of 8 to 14 months.  J.A. 28. The court also found that pursuant to 18 U.S.C. § 3583(h), an additional period of

4

supervised release of 36-months may be imposed, less any term of imprisonment imposed. J.A. 28.

The court then heard arguments from counsel regarding sentencing. J.A. 29-31. The court sentenced defendant to 12-months imprisonment followed by a two-year term of supervised release. J.A. 32. The court further imposed as a special condition of supervised release of no alcohol consumption and a requirement that defendant wear an alcohol monitoring ankle bracelet for the entire two years of supervised release. J.A. 33

In sentencing defendant, the district court stated that as to the nature of the violation, the court took "a dim view of men who put their hands on woman and this is a bad example of that and that is a serious violation." J.A. 32. Second, the court noted that defendant's criminal history is extensive and includes a total of eight DUI convictions and 13 arrests, which span a long period of time. J.A. 32. The court further stated that the sentence was "primarily driven by the need to protect the public from [the defendant]." J.A. 32. Specifically, the district court noted that the defendant "gets drunk and . . . commit[s] crime and [is] particularly dangerous behind the wheel." J.A. 34.

The defendant did not object to the sentence.

## SUMMARY OF ARGUMENT

The district court did not plainly err by sentencing defendant to 12-months imprisonment upon revocation of his supervised release. The district court's sentence was procedurally reasonable. The court considered the advisory guideline range and the § 3553(a) factors prior to sentencing defendant for violations of his supervised release. The district court provided an adequate statement of reasons for imposing a sentence within the advisory guideline range. Therefore, the district court did not plainly err in any respect when it sentenced defendant.

## ARGUMENT

**THE DISTRICT COURT DID NOT PLAINLY ERR BY SENTENCING DEFENDANT TO TWELVE MONTHS IMPRISONMENT UPON REVOCATION OF HIS SUPERVISED RELEASE, WHERE THE DISTRICT COURT ADEQUATELY EXPLAINED ITS REASONS FOR THE SENTENCE AND THE SENTENCE WAS OTHERWISE PROCEDURALLY REASONABLE**

### A. STANDARD OF REVIEW

A procedural sentencing error raised for the first time on appeal is reviewed for plain error. *United States v. Lynn*, 592 F.3d 572, 577 (4th Cir. 2010). To satisfy the rigors of plain error review, an appellant must demonstrate that there indeed was

an error, that the error was plain, and that the error affected substantial rights. *United States v. Massenburg*, 564 F.3d 337, 342-43 (4th Cir. 2009). Moreover, such error should only be corrected or noticed by an appellate court when it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725 (1993).

B.   DISCUSSION

In *United States v. Crudup*, 461 F.3d 433, 437 (4th Cir. 2006), this Court held that "revocation sentences should be reviewed to determine whether they are 'plainly unreasonable' with regard to those § 3553(a) factors applicable to supervised release revocation sentences." Review of a revocation sentence involves both procedural and substantive considerations. *Id.* at 438. A sentence is procedurally reasonable if the court considered the Chapter 7 advisory policy statements and the pertinent factors in §3553(a). *Id.* at 440. A sentence is substantively reasonable if the court stated a proper basis for the sentence, up to the statutory limit. *Crudup*, 461 F.3d at 440. Only if the sentence is either procedurally or substantively unreasonable is a determination then made of whether the sentence is plainly unreasonable. *Id.* at 439. A sentence that is plainly unreasonable is one that is clearly or obviously unreasonable. *Id.*

7

Defendant contends that his sentence is plainly unreasonable because it is longer than necessary to achieve the purposes of supervised release. He further argues that the district court emphasized the seriousness of one of his violations, when such a factor is not to be considered under 18 U.S.C. § 3583(e). The defendant's arguments have no merit.

It is clear from the record that the district court properly calculated the advisory guideline range applicable to defendant's supervised release revocation and properly considered the advisory guidelines. J.A. 28. The court further considered the § 3553(a) factors applicable to defendant before imposing its chosen sentence. J.A. 31-35. Before imposing its sentence, the court spoke to defendant, stating that as to the nature of the violation the court took "a dim view of men who put their hands on woman and this is a bad example of that and that is a serious violation." J.A. 32.

The court then addressed defendant's lengthy criminal history which the court found to be "extensive" and span a long period of time. J.A. 32. The court stated to defendant, that, "[m]y impression is that you are lawless and that you are a danger to the community; primarily, because of your long-term alcoholism, and the opportunities you have had to try to address that don't seem to have worked. So

8

this sentence is going to be primarily driven by the need to protect the public from you." J.A. 32. The court also noted that defendant's criminal history included eight DUI convictions and 13 arrests. J.A. 32. The court further noted that the domestic violence violation occurred a week after he got out of Dismas, while defendant was again intoxicated. J.A. 32.

The court further informed defendant that it was imposing the 12-month sentence followed by two-years of supervised release because:

> I think you are –even though I don't think you've had a driver's license for a long time, but you had a DUI just a year ago. You obviously – you get drunk and you commit crime and you're particularly dangerous behind the wheel . . . . So the reason I'm doing this is to keep you under some sort of either confinement or supervision for as long as possible to do everything that the system can to keep you from killing somebody with your drinking. So that's the reason I'm doing this . . . .

J.A. 34. Clearly, the district court considered the §3553(a) factors before it imposed defendant's sentence. The court did not give undue weight to the nature of the domestic violence violation. The district court clearly stated its reasons for the sentence it imposed, in particular the need to protect the public from defendant's continued criminal activity, and sentenced the defendant within the advisory guideline range. Defendant's sentence is not procedurally unreasonable.

9

Nor is defendant's sentence substantively unreasonable, as the court stated a proper basis for the sentence and the sentence was within the statutory limit. Because the sentence is neither procedurally, nor substantively unreasonable, it is not unreasonable. It is not necessary to proceed to the second prong of the analysis - whether the sentence is plainly unreasonable – "because it necessarily follows that a sentence that is not unreasonable is also not plainly unreasonable." *Crudup*, 461 F.3d at 439. There was no error in defendant's sentencing.

## CONCLUSION

For the reasons stated above, defendant's sentence should be affirmed.

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney


By:    s/Monica D. Coleman_____
       MONICA D. COLEMAN
       Assistant United States Attorney

10

# CERTIFICATE OF COMPLIANCE

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the page limitation of Fed. R. App. 32(a)(7)(A).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6), because the brief has been prepared in a proportional typeface using Microsoft Word 2010 in 14-point Goudy Old Style.

                                              s/Monica D. Coleman_____
                                              MONICA D. COLEMAN
                                              Assistant United States Attorney
                                              Attorney for the United States

Date:  October 14, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2014, I electronically filed the foregoing "BRIEF OF APPELLEE THE UNITED STATES OF AMERICA" with the Clerk of court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF user:

>Christian M. Capece
>KAY CASTO &CHANEY PLLC
>Post Office Box 2031
>Charleston, West Virginia 25327
>Email:  ccapece@kaycasto.com

>s/Monica D. Coleman_____
>MONICA D. COLEMAN
>Assistant United States Attorney
>Attorney for the United States